No. 772            August 27, 2025            125

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. A.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

L. A.,
*Respondent,*

*v.*

H. A.,
*Appellant.*

Multnomah County Circuit Court
24JU01114;
Petition Number
115002;
A186915 (Control)

In the Matter of A. A.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

A. A.,
*Respondent,*

*v.*

H. A.,
*Appellant.*

Multnomah County Circuit Court
24JU01116;
Petition Number
115002;
A186916

Linda Hughes, Juge pro tempore.

Submitted July 11, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

George W. Kelly waived appearance for respondents A. A. and L. A.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Reversed and remanded.

**LAGESEN, C. J.**

Father appeals from two judgments entered in dependency cases regarding his two children, Case Nos. 24JU01114 and 24JU01116, in which the trial court ordered him to submit to a psychological evaluation. The Oregon Department of Human Services responds that it was not the proponent of an order for a psychological evaluation and concedes that there is no factual basis for affirmance of the trial court's order. We accept the concession and conclude that the trial court erred in ordering father to submit to a psychological evaluation. We reverse and remand the judgment.[1]

We review whether a court may order a parent of a dependent ward to participate in psychological treatment under ORS 419B.387 for errors of law. *Dept. of Human Services v. F. J. M.*, 370 Or 434, 451-52, 520 P3d 854 (2022). We take the evidence in the light most favorable to the trial court's disposition to assess whether the record was legally sufficient to permit the outcome. *Dept. of Human Services v. R.W.C.*, 324 Or App 598, 605, 526 P3d 1195, *rev den*, 371 Or 308 (2023). Having reviewed the record, including the transcript and the trial court file, we agree that there is no factual basis for affirming the trial court's order that father submit to a psychological evaluation.

Reversed and remanded.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.